IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWYN RAINER,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF MENLO PARK, et al.,<br><br>            Defendants.<br>_____ | No. C 05-1721 MMC<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 2 & 4) |

     Plaintiff, a prisoner at San Quentin State Prison proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983 against the City of Menlo Park, the Menlo Park Police Department, Menlo Park Police Officer Paul Kunkle ("Officer Kunkle"), the San Mateo County Probation Department, and San Mateo County Probation Officer Ojeda ("Probation Officer Ojeda"), seeking damages in the total amount of five million dollars.  Plaintiff has applied for leave to proceed in forma pauperis.

     A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

     Plaintiff alleges that Officer Kunkle arrested him on the basis of racial profiling. Plaintiff further alleges that this illegal arrest led to a malicious prosecution, which in turn led to his conviction and sentence in state court on drug charges.  Plaintiff also alleges that he was

interrogated by Officer Kunkle and Probation Officer Ojeda in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  In order to recover damages based on an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  A claim for damages based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  See id. at 487.  If proven true, plaintiff's claims of false arrest, malicious prosecution and false imprisonment, would call into the question the validity of his conviction and present incarceration.  See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (holding plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy to bring false charges barred by Heck).  Similarly, plaintiff's claims that his Miranda rights were violated would, if proven true, call his conviction and sentence into question.  Accordingly, to the extent plaintiff's § 1983 claim is based on the above-described events, such claim is barred until such time as plaintiff's conviction and sentence have been reversed, expunged, set aside or otherwise called into question.

Plaintiff also claims that Officer Kunkle slandered him by informing a newspaper that plaintiff had swallowed drugs during the course of his arrest.  Defamation alone does not state a constitutional claim, even when done under color of state law.  See Paul v. Davis, 424 U.S. 693, 701-710 (1976); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (finding no subject matter jurisdiction over claim of slander by police officer because no violation of federal right).  Damage to reputation is not actionable under § 1983 unless it is accompanied by loss of a constitutionally protected property or liberty interest in conjunction with the alleged injury to reputation.  See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991) (citing Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 777-78 (9th Cir. 1982)).  Here, the only allegation is that Officer Kunkie provided false information to the newspaper;

2

there is no allegation that his doing so caused plaintiff to lose any constitutionally protected property or liberty interest. Accordingly, to the extent plaintiff's § 1983 claim is based on alleged slander by Officer Kunkle, such claim again fails.

For the foregoing reasons, the above-titled action is hereby DISMISSED without prejudice. Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (holding claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. §1915). Plaintiff may raise any constitutional challenges to his conviction or sentence in a petition for a writ of habeas corpus, but only after first presenting his claims to the California Supreme Court.

Plaintiff's application to proceed in forma pauperis is GRANTED; in light of the dismissal, no fee is required.

This order terminates Docket Nos. 2 and 4.

The Clerk shall close the file and terminate and pending motions.

IT IS SO ORDERED.

DATED: June 15, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge